1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for defendants
   American Express Corporation
7  and Nationwide Credit, Inc.

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MICHAEL VIRATA an individual,   ) CASE NO.: CV 07-3277 SC
                                    )
14        Plaintiff,                )
                                    ) **ANSWER**
15                                  )
       vs.                          )
16                                  )
                                    )
17  AMERICAN EXPRESS                )
    CORPORATION; NATIONWIDE         )
18  CREDIT, INC.; DOES 1 THROUGH    )
    10                              )
19                                  )
          Defendants.                )
20                                  )
    _____)
21

22

23

24

25

26

27

28

VIRATA V. AMERICAN EXPRESS CORPORATION ET AL. (CASE NO. CV 07-3277 SC)
ANSWER

1   Defendants AMERICAN EXPRESS CORPORATION ("American Express") and NATIONWIDE CREDIT, INC. ("NCI") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff MICHAEL VIRATA ("Plaintiff"):

1.  In answering Paragraph 1 of the Complaint, Defendants admit, on information and belief that Plaintiff is a resident of San Francisco County. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.  In answering Paragraph 2 of the Complaint, Defendants admit that NCI has, at times, acted as a debt collector as defined by Cal. Civil Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.  In answering Paragraph 3 of the Complaint, Defendants aver that the contents of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.  Defendants aver that no response to Paragraph 4 is required of them.

5.  In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.  In answering Paragraph 6 of the Complaint, Defendant NCI admits that it conducts interstate business with residents of the County of San Francisco, that its contact with Plaintiff occurred in the County of San Francisco, and that Plaintiff alleges that venue in this county is proper. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

1    4b.[1]   Defendants admit, on information and belief, the allegations of Paragraph 4b of the Complaint.

2    5b.     In answering Paragraph 5b of the Complaint, Defendants admit that American Express Company has its principal office at 200 Vesey Street, New York, New York. Except as herein admitted, the remaining allegations of Paragraph 5b are denied.

3    6b.     In answering Paragraph 6b of the Complaint, Defendants admit that NCI has its principal office at 2015 Vaughn Road, Kennesaw, Georgia. Defendants admit that NCI has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2. Except as herein admitted, the remaining allegations of Paragraph 6b are denied.

4    7.      Defendants aver that no response to Paragraph 7 is required of them.

5    8.      Denied.

6    9.      Denied.

7    10.     Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 10 of the Complaint and on that basis, deny them.

8    11.     Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 11 of the Complaint and on that basis, deny them.

9    12.     Denied.

10   13.     Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 13 of the Complaint and on that basis, deny them.

11   14.     Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 14 of the Complaint and on that basis, deny them.

12   15.     Denied.

---

[1] Defendants note that after Paragraph 6, the numbers of the paragraphs of the Complaint begin again at 4. Defendants have responded to the duplicative numbers by labeling them "4b," "5b," and "6b."

1  16. Denied.

2  17. In answering Paragraph 17 of the Complaint, Defendants admit that NCI sent Plaintiff a letter dated January 30, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

6  18. Denied.

7  19. Denied.

8  20. Denied.

9  21. Denied.

10  22. Denied.

11  23. In answering Paragraph 23 of the Complaint, Defendants incorporate by reference paragraphs 1-22 above, as if fully stated herein.

13  24. Denied.

14  25. Denied.

15  26. Denied.

16  27. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to NCI on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not a Debt Collector)

Defendant American Express Corporation is not a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6) or by the Rosenthal Act, California Civil Code § 1788.2(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and state law must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: July 12, 2007                SIMMONDS & NARITA LLP
                                    TOMIO B. NARITA
                                    JEFFREY A. TOPOR


                                    By:  /s/ Jeffrey A. Topor
                                         Jeffrey A. Topor
                                         Attorneys for Defendants